IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:19-CV-29-D

| | |
|---|---|
| PAUL ROEPNACK,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM RANDOLPH WOODSON, in his official capacity as Chancellor for North Carolina State University, DAVID RAINER, individually and in his official capacity as Associate Vice Chancellor of Environmental Health and Public Safety for North Carolina State University, and WILLIAM DAVIS, individually and in his official capacity as Police Lieutenant for North Carolina State University Police Department,<br><br>    Defendants. | ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS WILLIAM RANDOLPH, DAVID RAINER, AND WILLIAM DAVIS |

Defendants North Carolina State University Chancellor William Randolph Woodson, Associate Vice Chancellor of Environmental Health and Public Safety David Rainer, and Lieutenant William Davis, hereby respond to Plaintiff's Complaint as follows:

## FIRST DEFENSE

The defense of sovereign immunity bars Plaintiff's claims in whole or in part.

## SECOND DEFENSE

Defendants did not violate any clearly established right enjoyed by Plaintiff under the Constitution and laws of the United States, and therefore Defendants in their individual capacities are entitled to qualified immunity.

## THIRD DEFENSE

Defendants are entitled to public official immunity.

## FOURTH DEFENSE

Plaintiff has failed to allege continuing, irreparable harm or any other basis upon which to receive any form of injunctive relief.

## FIFTH DEFENSE

Defendants sued in their individual capacities have no authority to provide Plaintiff with injunctive or declaratory relief. Defendants sued in their official capacities are immune to claims for damages.

## SIXTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

To the extent Plaintiff has not properly served Defendant David Rainer and Defendant William Davis in their individual capacities, Plaintiff's claims are barred in whole or in part.

Defendants reserve the right to plead additional affirmative defenses at a later time if such defenses are appropriate based on information then available.

## EIGHTH DEFENSE

Defendants answer the numbered paragraphs of Plaintiff's Complaint as follow:

## INTRODUCTION

1.      Defendants admit that North Carolina State University ("NC State") has policies and procedures regarding the use of its property and facilities. Defendants also admit that this lawsuit relates to Plaintiff's claim that NC State "unduly" restricted his speech on a sidewalk on NC State property located adjacent to a public road. Defendants deny that any NC State policy unduly or unlawfully restricts any constitutionally protected speech, including religious speech, on its property. Defendants also deny that the speech at issue in this case occurred on a traditional

city sidewalk designed for public discourse. To the extent not specifically admitted, Defendants deny the allegations of paragraph 1.

2.      Defendants admit that Plaintiff seeks injunctive relief, declaratory relief, and nominal damages against Defendant Woodson in his official capacity and against Defendant Rainer and Defendant Davis in their official and individual capacities. To the extent not specifically admitted, Defendants deny the allegations of paragraph 2.

3.      Defendants admit that Plaintiff alleges his action is premised on his claims that Defendants have deprived Plaintiff of his constitutionally protected rights to free speech and due process. Defendants deny that they have improperly denied him any protected rights. To the extent not specifically admitted, Defendants deny the allegations of paragraph 3.

4.      Defendants deny the allegations of paragraph 4.

5.      Defendants admit the allegations of paragraph 5.

## JURISDICTION AND VENUE

6.      Defendants admit that Plaintiff claims he raises federal questions under the United States Constitution and 42 U.S.C. § 1331 and 1343. Defendants specifically deny that they are violating the First and Fourteenth Amendments and federal civil rights laws.  To the extent not specifically admitted, Defendants deny the allegations of paragraph 6.

7.      The allegations of paragraph 7 contain Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent necessary, Defendants admit that this Court has original jurisdiction over claims of constitutional violations.

8.      The allegations of paragraph 8 contain Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent necessary, the allegations of paragraph 8 are denied.

9. The allegations of paragraph 9 contain Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent necessary, Defendants admit that venue is proper in the Eastern District of North Carolina.

## PARTIES

10. Upon information and belief, the allegations of paragraph 10 are admitted.

11. Defendants admit that Defendant Woodson is the Chancellor for NC State, and in his official capacity, is charged with overseeing all aspects of the University, including the policies and procedures of the University. To the extent not specifically admitted, Defendants deny the allegations of paragraph 11.

12. Defendants admit that Defendant Rainer is the Associate Vice Chancellor of Environmental Health and Public Safety at NC State, and in his official capacity, is charged with overseeing public safety at NC State, its campus police, and their enforcement of the policies and procedures of the University. To the extent not specifically admitted, Defendants deny the allegations of paragraph 12.

13. Defendants admit that Defendant Davis is a police lieutenant with the NC State campus police department, and in his official capacity, some of his job responsibilities include enforcing the policies and procedures of the University. To the extent not specifically admitted, Defendants deny the allegations of paragraph 13.

## STATEMENT OF ALLEGED FACTS

14. Defendants admit that Plaintiff graduated from NC State University. Upon information and belief, Defendants admit that Plaintiff is a structural engineer who lives in Cary, North Carolina. To the extent not specifically admitted, Defendants deny the allegations of paragraph 14.

15.     Defendants lack sufficient information to admit or deny the allegations of paragraph 15, and the same are therefore denied.

16.     Defendants lack sufficient information to admit or deny the allegations of paragraph 16, and the same are therefore denied.

17.     Defendants admit that while Plaintiff was on NC State property on September 8 and September 29, he delivered speeches or public addresses and used signs in an attempt to attract interest to his message. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 17, and the same are therefore denied.

18.     Defendants admit that while Plaintiff was addressing the public on NC State property on September 8 and September 29, he was accompanied at times by a few other people. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 18, and the same are therefore denied.

19.     Defendants state that that while Plaintiff was addressing the public from a stand using amplified sound on NC State property on September 8 and September 29, he was attempting to draw a crowd of people. He did not appear to be attempting to engage people in one-on-one conversations. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 19, and the same are therefore denied.

20.     Defendants deny the allegations of paragraph 20, noting that Plaintiff's signs and stepladders were placed in the middle of the sidewalk, taking up several feet of room on the sidewalk.

21.     Defendants lack sufficient information to admit or deny the allegations of paragraph 21, and the same are therefore denied.

22.     Defendants lack sufficient information to admit or deny the allegations of paragraph 22, and the same are therefore denied.

23.     Defendants admit that Plaintiff set up his materials in the middle of a sidewalk in close proximity to Carter-Finley Stadium on several NC State Football game days. Defendants lack sufficient information to admit or deny the allegations of paragraph 23, and the same are therefore denied.

24.     Defendants admit that Plaintiff sought to conduct a public address for people passing by the grassy area and sidewalk on NC State's campus on the north side of Trinity Road during NC State Football game days in the fall of 2018. Defendants further admit that, on game days, that intersection is heavily congested with both vehicular and pedestrian traffic, so Plaintiff has the opportunity to address a significant number of people passing by. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 24, and the same are therefore denied.

25.     Defendants admit NC State's campus consists of different properties, all west of what is considered "downtown" Raleigh and totaling well over 2,000 acres.  To the extent not specifically admitted, Defendants deny the allegations of paragraph 25.

26.     Defendants admit the allegations of paragraph 26.

27.     Defendants admit the allegations of paragraph 27.

28.     Defendants admit that the NC State Football team plays its home games at Carter-Finley Stadium. Defendants also admit that the PNC Arena, where NC State plays most of its home basketball games, is located near Carter-Finley Stadium. Defendants also admit that, from time to time, both Carter-Finley Stadium and PNC Arena host other popular events. To the extent not specifically admitted, Defendants deny the allegations of paragraph 28.

29.     Defendants admit that Trinity Road is south of Carter-Finley Stadium and PNC Arena. Defendants also admit that the North Carolina Department of Agriculture & Consumer Services ("NCDA") and North Carolina State Fairgrounds are located south of Trinity Road, on the opposite side of Trinity from Carter-Finley Stadium. To the extent not specifically admitted, Defendants deny the allegations of paragraph 29.

30.     Defendants admit that the portion of Trinity Road between NC State's property and NCDA's property is a part of Wake County and that Trinity Road is a State road maintained by the North Carolina Department of Transportation. To the extent not specifically admitted, Defendants deny the allegations of paragraph 30.

31.     Defendants admit that between Edwards Mill Road and Blue Ridge Road, there is a narrow strip of grass between the curb on Trinity Road and the sidewalk running along the north side of Trinity Road. Defendants also admit that there is a sidewalk that runs on the north side of Trinity Road next to the strip of grass. To the extent not specifically admitted, Defendants deny the allegations of paragraph 31.

32.     The allegations of paragraph 32 are denied.

33.     Defendants lack sufficient information to admit or deny the allegations of paragraph 33, and the same are therefore denied.

34.     Defendants lack sufficient information to admit or deny the allegations of paragraph 34, and the same are therefore denied.

35.     Defendants lack sufficient information to admit or deny the allegations of paragraph 35, and the same are therefore denied.

36.     Defendants admit that on September 8, 2018, Plaintiff, along with Zach Braddy and one or more friends, visited the area outside of Carter-Finley Stadium. Defendants lack sufficient

information to admit or deny the remaining allegations of paragraph 36, and the same are therefore denied.

37.     Defendants admit that on September 8, 2018, Plaintiff and one or more friends set up a stepladder, speakers, and signs to conduct a public address and related expressive activities on and/or near the sidewalk on the northeast corner of Trinity Road and Peter Karmanos Jr. Drive (which is called Youth Center Drive beginning on the southern side of Trinity Road). Plaintiff and friends were on the stadium side of Trinity Road. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 37, and the same are therefore denied.

38.     Defendants admit that on September 8, 2018, Defendant Davis spoke with Zach Braddy. Defendants also admit that the NC State Police Department (the "Department") employs Defendant Davis. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 38, and the same are therefore denied.

39.     Defendants admit that the Department received complaints about the expressive activity of Plaintiff and his companions at the September 8, 2018 football game. Defendants also admit that Defendant Davis told Plaintiff that the Department had received some complaints about their activity. Defendants further admit that Defendant Davis correctly told Plaintiff that the grassy area and sidewalks running along the stadium side of Trinity Road are on NC State property. To the extent not specifically admitted, Defendants deny the allegations of paragraph 39.

40.     Defendants admit that when making public addresses on NC State property, Plaintiff and his companions must follow NC State policies and procedures, specifically including policies related to sponsorship for public addresses, as well as reserving space and providing 48-hours' notice for conducting these activities. Defendants also admit that Defendant Davis informed

Plaintiff the he had to follow the proper policies and procedures. To the extent not specifically admitted, Defendants deny the allegations of paragraph 40.

41.    Defendants admit that Zach Braddy told Defendant Davis that he was proselytizing. To the extent not specifically admitted, Defendants deny the allegations of paragraph 41.

42.    Defendants admit that Defendant Davis told Plaintiff and Zach Braddy that the group had to follow NC State policies and procedures when on property, and they were on NC State property. To the extent not specifically admitted, Defendants deny the allegations of paragraph 42.

43.    Defendants admit that Defendant Davis told Plaintiff and Zach Braddy that the sidewalk was owned by NC State and that the city does not maintain the sidewalk. Defendants also admit that Zach Braddy challenged whether he was required to follow NC State policies while on the sidewalk. To the extent not specifically admitted, Defendants deny the allegations of paragraph 43.

44.    Defendants admit that Plaintiff opined that the North Carolina Department of Transportation ("NCDOT") had an easement that included the sidewalk. Defendants also admit that NC State controls access to the sidewalks on its property, including the one running along the stadium side of Trinity Road. To the extent not specifically admitted, Defendants deny the allegations of paragraph 44.

45.    Defendants admit that Defendant Davis told Plaintiff that he may be trespassed if he continued to violate NC State policies. Defendants also admit that in response to a question from Plaintiff about arrest, Defendant Davis told Plaintiff that if he was trespassed from NC State property, and Plaintiff continued to stay on the property after being trespassed, that he could be

subject to arrest. To the extent not specifically admitted, Defendants deny the allegations of paragraph 45.

46.     Defendants admit that Defendant Davis contacted his supervisor by cell phone. To the extent not specifically admitted, Defendants deny the allegations of paragraph 46.

47.     Defendants admit that the grassy areas and sidewalks running along the stadium side of Trinity Road are subject to NC State's policies and procedures. Defendants also admit that Defendant Davis told Plaintiff and his companions that he spoke with someone in the legal department at NC State and confirmed that the sidewalk and grassy area at issue was within the jurisdiction and control of NC State. Defendants also admit that Defendant Davis indicated to Plaintiff that he must follow the rules and regulations at NC State while on the sidewalk. To the extent not specifically admitted, Defendants deny the allegations of paragraph 47.

48.     Given that Plaintiff and Zach Braddy had challenged whether the sidewalk was the property of NC State, Defendants admit that Defendant Davis allowed Plaintiff to continue his presentation on September 8 while the University further investigated the issue. Defendants also admit that Defendant Davis asked Plaintiff and his companions to follow NC State policies and procedures in the future. To the extent not specifically admitted, Defendants deny the allegations of paragraph 48.

49.     Defendants lack sufficient information to admit or deny the allegations of paragraph 49, and the same are therefore denied.

50.     Defendants lack sufficient information to admit or deny the allegations of paragraph 50, and the same are therefore denied.

51.     Defendants admit that as a result of Hurricane Florence, NC State had to cancel the home football game scheduled for September 15. Defendants admit that the September 29 football

game was the first home football game following the September 8 game. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 51, and the same are therefore denied.

52. Defendants admit that on the morning of September 29, 2018, Plaintiff and his daughter made religious addresses to the public from the sidewalk nearest the intersection of Trinity Road and Peter Karmanos Jr. Drive. Defendants further admit that Defendant Davis first approached Plaintiff at or around 10:15 that morning. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 52, and the same are therefore denied.

53. Defendants admit that Defendant Davis informed Plaintiff that he must follow NC State policies and procedures while on NC State property, and if he did not, he would be trespassed from NC State's grounds. Defendants admit that one of the policies Defendant Davis referred to in the conversation with Plaintiff was NC State's policy on non-commercial solicitation, which is defined to be the hand distribution of written materials for informational and not commercial purposes. To the extent not specifically admitted, Defendants deny the allegations of paragraph 53.

54. Defendants admit that Plaintiff asked Defendant Davis if he would be arrested for soliciting without a permit. Defendants also admit that Defendant Davis corrected Plaintiff and said Plaintiff would be trespassed from NC State property if he did not follow its policies. Defendants further admit that Defendant Davis told Plaintiff that if he was trespassed and he refused to leave NC State's property, he would then be arrested. To the extent not specifically admitted, Defendants deny the allegations of paragraph 54.

55. Defendants admit that Plaintiff did not believe he needed a permit to conduct his public address and related expressive activities on the sidewalk. Defendants deny that NCDOT

maintains the sidewalk running on the stadium side of Trinity Road. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 55, and the same are therefore denied.

56.     Defendants admit that Defendant Davis told Plaintiff he would need a permit, referring to NC State's policies and procedures requiring sponsorship, 48-hours' notice, and a reservation to conduct a public address on campus property. To the extent not specifically admitted, Defendants deny the allegations of paragraph 56.

57.     Defendants admit that Plaintiff told the officer that he was not on NC State property. Defendants further admit that Defendant Davis told Plaintiff that the sidewalk was under NC State's jurisdiction and control. To the extent not specifically admitted, Defendants deny the allegations of paragraph 57.

58.     Defendants admit that Plaintiff asserted that the sidewalk was a public right-of-way and/or easement, and that Defendant Davis indicated he was not willing to debate the issue. To the extent not specifically admitted, Defendants deny the allegations of paragraph 58.

59.     Defendants admit that Plaintiff asserted that the sidewalk was a public right-of-way and part of an easement of NCDOT. Defendants further admit that Plaintiff told Defendant Davis he was not soliciting, but was proselytizing. To the extent not specifically admitted, Defendants deny the allegations of paragraph 59.

60.     Defendants admit that Defendant Davis offered an alternative location for Plaintiff to conduct his public address and related expressive activities and that the alternative location was the NC State designated free speech area closer to Carter-Finley Stadium. To the extent not specifically admitted, Defendants deny the allegations of paragraph 60.

61.     Defendants admit that Plaintiff told Defendant Davis that he did not want to relocate and that he believed the request to move was unlawful. Defendants also admit that the grassy area and sidewalk on the stadium side of Trinity Road are the property of NC State and NC State has jurisdiction and control over that area. Defendants further admit that Defendant Davis told Plaintiff that he believed he was operating under the law because the sidewalk was within the jurisdiction and control of NC State. To the extent not specifically admitted, Defendants deny the allegations of paragraph 61.

62.     Defendants admit that Plaintiff disputed whether he was on NC State property. Defendants also admit that Defendant Davis indicated to Plaintiff that he could debate the issue in court if he liked, but Defendant Davis hoped it would not go that far. To the extent not specifically admitted, Defendants deny the allegations of paragraph 62.

63.     Defendants admit that Plaintiff asserted that he believed he was free to speak without any restriction on the sidewalk and grassy area near Trinity Road. To the extent not specifically admitted, Defendants deny the allegations of paragraph 63.

64.     Defendants admit that Defendant Davis reminded Plaintiff that he could conduct a public address from the designated free speech zone on campus. Defendants further admit that Defendant Davis told Plaintiff he could not conduct a public address on the sidewalk near Trinity Road, which was heavily traveled on football game days. To the extent not specifically admitted, Defendants deny the allegations of paragraph 64.

65.     Defendants admit that Defendant Davis informed Plaintiff that Plaintiff could conduct his public address at the designated free speech zone, but could not continue his address on the sidewalk.  To the extent not specifically admitted, Defendants deny the allegations of paragraph 65.

66.     Defendants admit that Defendant Davis told Plaintiff he could not hand out literature unless he followed the policies and procedures of NC State. To the extent not specifically admitted, Defendants deny the allegations of paragraph 66.

67.     Defendants admit that Defendant Davis informed Plaintiff that if he continued to give public addresses on the sidewalk and pass out literature without complying with NC State policies and procedures, he would be trespassed, and if Plaintiff continued in these activities after being trespassed, he would be subject to arrest. To the extent not specifically admitted, Defendants deny the allegations of paragraph 67.

68.     Defendants deny the allegations of paragraph 68.

69.     Defendants admit that Plaintiff did not comply with NC State policies on September 29, and after trying unsuccessfully to resolve the issue with Plaintiff, Defendant Davis informed Plaintiff that he was going to be trespassed and he had five minutes to gather his belongings and leave. To the extent not specifically admitted, Defendants deny the allegations of paragraph 69.

70.     Defendants admit that Defendant Davis informed Plaintiff that his supervisor would be arriving shortly to discuss the matter further with Plaintiff. To the extent not specifically admitted, Defendants deny the allegations of paragraph 70.

71.     Defendants admit that Defendant Rainer spoke with Plaintiff and requested that he leave the sidewalk and grassy area. Defendants also admit that Defendant Rainer confirmed to Plaintiff that NC State was asking him to move from the sidewalk, which was heavily traveled on football game days. To the extent not specifically admitted, Defendants deny the allegations of paragraph 71.

72.     Defendants admit that Defendant Rainer informed Plaintiff that the University had confirmed with the City of Raleigh that the sidewalk and grassy area were under the jurisdiction

and control of NC State and were not under ownership or control by the City. Defendants also admit that Defendant Rainer requested that Plaintiff move. To the extent not specifically admitted, Defendants deny the allegations of paragraph 72.

73.     Defendants admit that the grassy area and sidewalk, all the way up to the curb at Trinity Road, are under the jurisdiction, control, and ownership of NC State. Defendants also admit that Plaintiff indicated he did not want to move, and asked if he would be arrested if he did not move. To the extent not specifically admitted, Defendants deny the allegations of paragraph 73.

74.     Defendants admit that Defendant Davis offered to take Plaintiff to the designated free speech zone so that Plaintiff could assess whether he wanted to use it in compliance with NC State policies. Defendants also admit that Plaintiff asked Defendants Davis and Rainer whether he would be issued a trespass if he continued to use the heavily traveled sidewalk to address the public and also asked if he would be arrested if he continued to use the sidewalk after being issued a trespass. Defendants admit that Defendants Davis and Rainer confirmed that would be the result of such actions. To the extent not specifically admitted, Defendants deny the allegations of paragraph 74.

75.     Defendants admit that Plaintiff accepted Defendant Davis' invitation to view the designated free speech zone. Defendants also admit that Defendant Rainer informed Plaintiff that uninvited speakers on NC State campus must comply with the policies, including reserving space on campus to make public addresses with at least 48-hours' notice. To the extent not specifically admitted, Defendants deny the allegations of paragraph 75.

76.     Defendants admit that Defendant Rainer informed Plaintiff that NC State does not allow people to sell tickets on the sidewalk at issue. Defendants admit that Plaintiff pointed out a gentleman to Defendant Rainer that Plaintiff believed was engaged in selling tickets, and

Defendant Davis indicated that another officer was addressing the issue. To the extent not specifically admitted, Defendants deny the allegations of paragraph 76.

77. Defendants admit that Defendant Rainer reiterated his offer for Plaintiff to engage in a public address in the University's designated free speech zone and admit that Plaintiff agreed to inspect the alternative location. Defendants further admit that Defendant Rainer told Plaintiff he would be trespassed if he continued to violate NC State policies by engaging in a public address with multiple stepladders, sound amplifiers, and large signs in the middle of a heavily traveled sidewalk on NC State home football games. To the extent not specifically admitted, Defendants deny the allegations of paragraph 77.

78. Defendants admit that Plaintiff asked Defendant Rainer the name of the person in the General Counsel's office for NC State who was providing legal advice about the sidewalk at issue. Defendants further admit that Defendant Rainer identified Shawn Troxler as the University counsel providing the advice. To the extent not specifically admitted, Defendants deny the allegations of paragraph 78.

79. Defendants admit that Plaintiff agreed to ride with Defendant Davis to view the designated free speech zone located near the NC State Close-King Practice Facility. Defendants also admit that Plaintiff and his daughter rode with Defendant Davis to the designated free speech zone and viewed the area. To the extent not specifically admitted, Defendants deny the allegations of paragraph 79.

80. Defendants admit that Plaintiff got out of the car and walked around the designated free speech zone. Defendants also admit that Defendant Davis informed Plaintiff that he could conduct his public address in the designated free speech zone, but in accordance with NC State policies, Plaintiff could not use amplified sound or hand out literature unless he complied with the

policies and procedures for doing so. Defendants lack sufficient information to admit or deny Plaintiff's allegations related to his thoughts while he viewed the designated free speech zone, and the same are therefore denied. To the extent not specifically admitted, Defendants deny the allegations of paragraph 80.

81.     Defendants admit that on NC State Football home game days, there is a steady flow of pedestrian traffic on the sidewalk on the stadium side of Trinity Road. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 81, and the same are therefore denied.

82.     Defendants admit that Plaintiff asked Defendant Davis to drive Plaintiff and his daughter back to the sidewalk on the stadium side of Trinity Road near the intersection with Peter Karmanos Jr. Drive. To the extent not specifically admitted, Defendants deny the allegations of paragraph 82.

83.     Defendants admit that once Defendant Davis brought Plaintiff and his daughter back to the sidewalk near the intersection of Trinity Road and Peter Karmanos Jr. Drive, in response to a question from Plaintiff, Defendant Davis reiterated that Plaintiff could not conduct public addresses, use amplified sound, or distribute literature while impeding traffic flow on the heavily traveled sidewalk on NC State Football home game days without complying with NC State policies and procedures. To the extent not specifically admitted, Defendants deny the allegations of paragraph 83.

84.     Defendants admit that Defendant Davis reiterated that Plaintiff could not conduct public addresses, use amplified sound, or distribute literature while impeding traffic flow on the heavily traveled sidewalk on NC State Football home game days without complying with NC State policies and procedures. Defendants also admit that Defendant Davis indicated that Plaintiff could

stand in the area if he was not impeding traffic flow. To the extent not specifically admitted, Defendants deny the allegations of paragraph 84.

85.     Defendants admit the allegations of paragraph 85.

86.     Defendants lack sufficient information to admit or deny the allegations of paragraph 86, and the same are therefore denied.

87.     Defendants admit that on October 5, 2018, Plaintiff, through counsel, sent a letter to NC State's Chancellor, General Counsel, and Chief of Police, seeking relief from NC State's practice of not allowing public addresses and similar activities on the sidewalk at the intersection of Trinity Road and Peter Karmanos Jr. Drive without complying with NC State's policies and procedures. To the extent not specifically admitted, Defendants deny the allegations of paragraph 87.

88.     Defendants lack sufficient information to admit or deny the allegations of paragraph 88, and the same are therefore denied.

89.     Defendants lack sufficient information to admit or deny the allegations of paragraph 89, and the same are therefore denied.

90.     Defendants admit that the North Carolina State Fair was held from October 11, 2018 to October 21, 2018. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 90, and the same are therefore denied.

91.     Defendants lack sufficient information to admit or deny the allegations of paragraph 91, and the same are therefore denied.

92.     Defendants lack sufficient information to admit or deny the allegations of paragraph 92, and the same are therefore denied.

93.     Defendants admit that on or about October 12, 2018, NC State police officers, acting under a Memorandum of Agreement with the NCDA, approached Plaintiff and other individuals with him. To the extent not specifically admitted, Defendants deny the allegations of paragraph 93.

94.     Defendants lack sufficient information to admit or deny the allegations of paragraph 94, and the same are therefore denied.

95.     Defendants lack sufficient information to admit or deny the allegations of paragraph 95, and the same are therefore denied.

96.     Defendants lack sufficient information to admit or deny the allegations of paragraph 96, and the same are therefore denied.

97.     Defendants lack sufficient information to admit or deny the allegations of paragraph 97, and the same are therefore denied.

98.     Defendants lack sufficient information to admit or deny the allegations of paragraph 98, and the same are therefore denied.

99.     Defendants lack sufficient information to admit or deny the allegations of paragraph 99, and the same are therefore denied.

100.    Defendants lack sufficient information to admit or deny the allegations of paragraph 100, and the same are therefore denied.

101.    Defendants lack sufficient information to admit or deny the allegations of paragraph 101, and the same are therefore denied.

102.    Defendants admit upon information and belief that the NCDA security officers allowed Plaintiff and his group to continue their activities at their current location. Defendants lack

sufficient information to admit or deny the remaining allegations of paragraph 102, and the same are therefore denied.

103.    Defendants admit that as a result of an arrangement between NCDA and NC State, during the State Fair, NCDA controls certain property owned by and normally controlled by NC State. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 103, and the same are therefore denied.

104.    Defendants admit that on October 18, 2018, NC State's Office of General Counsel submitted a written response to Plaintiff's October 5, 2018 communication to NC State. Defendants also admit that in the October 18 response, NC State asserted that the sidewalk at issue was not a traditional public sidewalk open to public discourse, but rather the property of NC State and was subject to NC State's jurisdiction and control. Defendants further admit that the letter informed Plaintiff that in order for him to conduct public addresses on NC State's property and campus he would need to follow NC State policies and procedures, including being invited or sponsored by a student, student organization, or University group. To the extent not specifically admitted, Defendants deny the allegations of paragraph 104.

105.    Defendants admit that NC State's October 18 letter informed Plaintiff that, if sponsored, he could conduct a public address on NC State Football home game days at the University's designated free speech zone. To the extent not specifically admitted, Defendants deny the allegations of paragraph 105.

106.    Defendants lack sufficient information to admit or deny the allegations of paragraph 106 regarding Plaintiff's emotional reaction to the October 18 letter, and the same are therefore denied. Defendants deny all remaining allegations in paragraph 106.

107.    Defendants admit that on October 19, 2018, NC State's Office of General Counsel sent a follow-up email communication to counsel for Plaintiff to clarify control and jurisdiction of the sidewalk at issue during the State Fair. To the extent not specifically admitted, Defendants deny the allegations of paragraph 107.

108.    Defendants admit the allegations of paragraph 108.

109.    Defendants admit that NC State's October 18 letter again informed Plaintiff that he could not conduct public addresses on the heavily traveled sidewalk on NC State Football home game days or distribute literature *unless* he complied with the NC State policies and procedures. Defendants deny that NC State's policy or application of the policy created a total "ban" on Plaintiff sharing his religious beliefs during NC State football game days and other public events. To the extent not specifically admitted, Defendants deny the allegations of paragraph 109.

110.    Defendants admit that the sidewalk at issue is owned and controlled by NC State. Defendants further admits upon information and belief that NCDOT maintains Trinity Road. To the extent not specifically admitted, Defendants deny the allegations of paragraph 110.

111.    Defendants admit that NC State has polices on free expression, use of space, and solicitation that apply to the grounds at Carter-Finley Stadium. To the extent not specifically admitted, Defendants deny the allegations of paragraph 111.

112.    Defendants admit that NC State Policy 04.25.01 *Freedom of Speech and Expression* is the best evidence of its contents. To the extent the allegations of paragraph 112 are inconsistent with NC State Policy 04.25.01, those allegations are denied.

113.    Defendants admit that NC State Regulation 11.55.02 *Use of University Space* is the best evidence of its contents. To the extent the allegations of paragraph 113 are inconsistent with NC State Regulation 11.55.02, those allegations are denied. Defendants specifically deny that

outside speakers are obliged to obtain a sponsorship from a University entity to engage in any form of expressive activity on campus.

114.    Defendants admit that NC State Regulation 07.25.12 *Solicitation* is the best evidence of its contents. To the extent the allegations of paragraph 113 are inconsistent with NC State Regulation 07.25.12, those allegations are denied.

115.    Defendants deny the allegations of paragraph 115.

116.    Defendants lack sufficient information to admit or deny the allegations of paragraph 116, and the same are therefore denied.

117.    Defendants deny the allegations of paragraph 117.

118.    Defendants deny the allegations of paragraph 118.

## FIRST CAUSE OF ACTION

### Alleged Violations of Freedom of Speech

119.    Defendants reassert and incorporate by reference their responses to the preceding paragraphs.

120.    The allegations of paragraph 120 contain Plaintiff's characterization of its action and legal conclusions to which no response is required. To the extent necessary, the allegations of paragraph 120 are denied.

121.    Defendants admit that Plaintiff asserts NC State's policies and practices act to ban his religious expression on "public ways" bordering Trinity Road. To the extent not specifically admitted, Defendants deny the allegations of paragraph 121.

122.    Defendants deny the allegations of paragraph 122.

## SECOND CAUSE OF ACTION

## Alleged Violations of Due Process

123.    Defendants reassert and incorporate by reference their responses to the preceding paragraphs.

124.    Defendants deny the allegations of paragraph 124.

125.    Defendants deny the allegations of paragraph 125.

Except as expressly admitted in the numbered paragraphs above, Defendants deny each and every allegation of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Plaintiff is not entitled to any relief, and Defendants deny prayers for relief A-H.

WHEREFORE, Defendants respectfully request that the Court:

1. Dismiss Plaintiff's Compliant in its entirety;

2. Find that Defendants have not deprived Plaintiff of any constitutionally or statutorily protected right;

3. Enter an Order that Plaintiff shall have and recover nothing from Defendants;

4. Tax all costs of this action and attorneys' fees against Plaintiff;

5. Grant a trial by jury of all issues properly triable to a jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure; and

6. Award Defendants such other relief that the Court deems just and proper.

Respectfully submitted, this 1st day of April, 2019.

JOSHUA H. STEIN
Attorney General

/s/Nora F. Sullivan
Nora F. Sullivan
Assistant Attorney General
NC State Bar No. 43284
nsullivan@ncdoj.gov

NC Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764

*Attorney for Defendants*

I certify that the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the below listed attorney for Plaintiff as follows:  Deborah J. Dewart, debcpalaw@earthlink.net and Nathan W. Kellum, nkeelum@crelaw.org.

This 1st day of April, 2019.

/s/Nora F. Sullivan
Nora F. Sullivan
Assistant Attorney General